# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

ALETA FRANCIS, CELIA PEARCE,

  *Plaintiffs*,

v.                                          Case No. SA-24-CV-01130-JKP

MARSHA NELSON, PROJECT IN-
SIGHT,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Aleta Francis and Celia Pearce's Motion for Partial Summary Judgment. *ECF Nos. 17,26*. Defendants Marsha Nelson and Project Insight (collectively, "The Project Insight Defendants") responded. *ECF No. 21*. Upon consideration, the Motion for Partial Summary Judgment is **DENIED**.

### Undisputed Factual Background

Lucia Capacchione was an author and instructor in art therapy and mental health care. As mental-health therapy tools, Capacchione created a series of therapeutic methods centering on journaling and drawing with the non-dominant hand called, *The Creative Journal Method*, and a book, *The Creative Journal: The Art of Finding Yourself*. In addition, Capacchione published 20 books and authored 25 registered copyrighted works. Capacchione passed away on November 28, 2022, and her assets and intellectual property, which included post-mortem right of publicity, transferred to her daughters, Aleta Francis and Celia Pearce.

Aleta Francis and Celia Pearce (collectively, "the Capacchione Plaintiffs") filed this action on October 8, 2024, alleging Marsha Nelson, a previous Training Assistant to Capacchione, and Project Insight misappropriated Capacchione's image and name for personal profit. The Capacchione Plaintiffs assert two counts of unlawful use of an image in violation of the Texas and California statutes, alleging the Project Insight Defendants unlawfully and without permission used Capacchione's name and photos to promote paid workshops, training programs, fundraising events, and the "Lucia Capacchione, PhD. memorial scholarship fund;" two counts of copyright infringement, alleging the Project Insight Defendants unlawfully taught Capacchione's copyrighted methods and used copyrighted materials at these workshops without permission, all for personal profit; one count of copyright infringement of a specific five-figure trademark image, and; two counts of violation of the Lanham Act for use of the VISIONING trademark in commerce.

The Capacchione Plaintiffs now file this Motion for Partial Summary Judgment on the liability portion of their cause of action for misappropriation of Lucia Capacchione's image and name for personal profit asserted under Count One of the Amended Complaint. *See ECF No. 16*, p. 15.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir.

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539,

541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

## ANALYSIS

The Capacchione Plaintiffs seek partial summary judgment on liability under their first cause of action asserting the Project Insight Defendants unlawfully used Lucia Capacchione's name, image, and likeness. In doing so, the Capacchione Plaintiffs contend they demonstrate, as a matter of law, the Project Insight Defendants misappropriated Capacchione's identity for a commercial purpose. The Capacchione Plaintiffs contend they are entitled to summary judgment on their cause of action of misappropriation because they prove all elements as a matter of law: (1) the Project Insight Defendants appropriated Capacchione's name or likeness for the value associated with it; (2) Capacchione can be identified from the publication, and; (3) the use was for commercial purpose or personal gain. In response, the Project Insight Defendants contend the Capacchione Plaintiffs fail to demonstrate conclusively that the Project Insight Defendants did not have permission, authorization, or consent from them or Capacchione to use the subject image and materials, and therefore, are not entitled to summary judgment.

The Capacchione Plaintiffs's basis for summary judgment is flawed. To prove the common law cause of action for misappropriation of name, image, or likeness, the Capacchione Plaintiffs are correct that they must prove the three elements they recite. *See Henley v. Dillard Dep't Stores*, 46 F.Supp. 2d 587, 590-591 (N.D. Tex. 1999). However, the Capacchione Plaintiffs do not assert a common law cause of action. Instead, they assert statutory violations under the Texas Property Code Chapter 26 and the California Civil Code § 3341. *ECF No. 16*, p. 15. Pursuant to the Texas statute, "[e]xcept as provided by Section 26.012, a person may not use, without the written consent of a person who may exercise the property right, a deceased individual's name, voice, signature, photograph, or likeness in any manner, including: (1) in connection with products, merchandise, or goods; or (2) for the purpose of advertising, selling, or soliciting the purchase of products, merchandise, goods, or services. TEX. PROP. CODE ANN. § 26.011. Pursuant to the California statute, "[s]ubject to subparagraph (B), a person who uses a deceased personality's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons specified in subdivision (c), shall be liable for any damages sustained by the person or persons injured as a result thereof." CAL. CIV. CODE § 3344.1.

Consequently, to be entitled to summary judgment on this cause of action, the Capacchione Plaintiffs must demonstrate the Project Insight Defendants lacked consent or authorization as a matter of law. The Capacchione Plaintiffs do not provide argument or evidence that the Project Insight Defendants failed to gain consent to use Capacchione's image for profit or commercial purpose but rely only on the three elements of the common law cause of action for misappropriation. By relying on the elements of a cause of action that they do not plead and by fail-

5

ing to establish the Project Insight Defendants did not have permission or consent to use the subject image and materials as a matter of law, the Capacchione Plaintiffs fail to satisfy their summary judgment burden of proof on liability for the cause of action asserted under Count One.

Even assuming the Capacchione Plaintiffs satisfied their summary judgment burden, in opposition to summary judgment on this cause of action, the Project Insight Defendants present evidence in the form of an affidavit by Nelson, excerpts from the original training manual for the Creative Journal Arts (CJEA) Training Program, an album Capacchione gave Nelson for her birthday in 2018, and Capacchione's letter to the CJEA Community on September 18, 2022. In her declaration, Nelson attests she and Capacchione "co-founded and operated the Creative Journal Arts (CJEA) Training Program ("Training Program"), starting in the 1990s as they became close friends, and spanning the years until [Capacchione], towards the end of her life, ceded the Training Program to [Nelson]", who, in turn, gifted it to Project Insight. This evidence is sufficient to raise a genuine dispute of material fact concerning any consent, permission, or authorization for the Project Insight Defendants's use of Capacchione's name, image, and likeness in connection with the CJEA Training Program as is required under the Texas Property Code and the California Civil Code.

For these reasons, summary judgment on liability for the "misappropriation" cause of action asserted in Count One is not appropriate and will be denied. *See* Fed. R. Civ. P. 56(a).

## Conclusion

For the reasons given, the Court **DENIES** the Capacchione Plaintiffs's Motion for Partial Summary Judgment on Liability Under Count One. *ECF No. 17*.

It is so ORDERED.
SIGNED this 24th day of February, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE