UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALETA FRANCIS, CELIA PEARCE,**

  *Plaintiffs*,

**v.**                                                **Case No.  SA-24-CV-01130-JKP**

**MARSHA NELSON, PROJECT IN-SIGHT,**

  *Defendants*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Marsha Nelson and Project Insights's Motion to Dismiss for Failure to State a Claim.[1] *ECF Nos. 20,28*. Plaintiffs responded. *ECF No. 25*. Upon consideration, the Motion to Dismiss is **DENIED**.

**Undisputed Factual Background**

Lucia Capacchione was an author and instructor in art therapy and mental health care. As mental-health therapy tools, Capacchione created a series of therapeutic methods centering on journaling and drawing with the non-dominant hand called, *The Creative Journal Method*, and a book, *The Creative Journal: The Art of Finding Yourself*. In addition, Capacchione published 20 books and authored 25 registered copyrighted works. Capacchione passed away on November 28, 2022, and her assets and intellectual property, which included post-mortem right of publicity, transferred to her daughters, Aleta Francis and Celia Pearce (collectively, "the Capacchione Plaintiffs").

---

[1] Federal Rule 12(f) Motion to Strike presented within the motion will not be addressed.

The Capacchione Plaintiffs filed this action on October 8, 2024, alleging Marsha Nelson, a previous Training Assistant to Capacchione, and Project Insight (collectively, "The Project Insight Defendants") actively misappropriated Capacchione's image and name for personal profit. The Capacchione Plaintiffs assert two counts of unlawful use of an image in violation of the Texas and California statutes, alleging the Project Insight Defendants unlawfully and without permission used Capacchione's name and photos to promote paid workshops, training programs, fund-raising events, and the "Lucia Capacchione, PhD. memorial scholarship fund;" two counts of copyright infringement, alleging Nelson and Project Insights unlawfully taught Capacchione's copyrighted methods and used copyrighted materials at these workshops without permission, all for personal profit; one count of copyright infringement of a specific five-figure trademark image, and; two counts of violation of the Lanham Act for use of the VISIONING trademark in commerce.

The Project Insight Defendants now file this Motion to Dismiss all causes of action.

## Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support ade-

quately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to

amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

**1. Counts One and Two: Unlawful use of Image in Violation of Texas Property Code and California Civil Code**

The Project Insight Defendants contend they are entitled to dismissal of the unlawful-use-of-image causes of action because the Capacchione Plaintiffs fail to allege any instances of the Project Insight Defendants's use of Capacchione's image or likeness for profit. The Project Insight Defendants contend this cause of action should be dismissed because the Capacchione Plaintiffs fail to allege any facts to support harm by the purported use of Capacchione's name or image and fail to differentiate the alleged damage calculation between violation of the Texas statute and the California statute. The Project Insight Defendants contend the Capacchione Plaintiffs's "claim for exemplary damages 'for emotional harm' must be dismissed" because they fail to allege any "facts of alleged emotional harm." Finally, the Project Insight Defendants contend the Capacchione Plaintiffs are not entitled to injunctive relief because the statute does not allow such relief and they fail to set forth any other basis for such relief, especially irreparable harm.

These arguments for dismissal of the asserted causes of action for unlawful use of Capacchione's image must fail, as they are not proper subject of a Federal Rule 12(b)(6) motion. In making these arguments, the Project Insight Defendants go beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of their position on the viability of the causes of action. Assessment of the Capacchione Plaintiffs's causes of action at this stage focuses not on whether they will ultimately prevail, but whether they are entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S.

4

at 678; *Muhammad v. Dall. Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

Clearly, the Capacchione Plaintiffs give three specific examples of violations to support these causes of action: (1) the advertisement of a training event in November 2022 using Capacchione's name and image, (2) the advertisement of a luncheon in May 2023 using Capacchione's name and image, and (3) the continuous use of Capacchione's name and image on the Project Insight web page to advertise its own goods and services. *ECF No. 16*, pars. 35-37. The Capacchione Plaintiffs allege Marsha Nelson had knowledge of Project Insight's actions and personally directed them, making her personally responsible. *Id.* at par. 43. Based upon these assertions, alone, the Capacchione Plaintiffs allege plausible causes of action for violation of Texas Property Code § 26.001 et seq. and California Code § 3344.1 and sufficiently inform the Project Insight Defendants of the bases of these causes of action and the grounds upon which they rest. *See also id.* at pars. 33-48.

Finally, the Project Insight Defendants's arguments for dismissal of the Capacchione Plaintiffs's "claim for damages" and request for injunctive relief are improper grounds for dismissal of these causes of action under Federal Rule 12(b)(6). Federal Rule 12(b)(6) permits a party to seek dismissal of a cause of action based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion filed pursuant to Federal Rule 12(b)(6) challenges the plausibility of the cause of action and sufficiency of the supporting facts, not the prayer for relief. *Lasslett v. Tetra Tech, Inc.*, 13-CV-072, 2015 WL 13805181, at *2 (W.D. Tex. Sept. 30, 2015). "A plaintiff's ability to state a plausible claim for relief is independent of the specific remedies that she requests or ultimately obtains." *Shields v. Wells Fargo Bank NA*, No. 3:2-CV-1900, 2013 WL 6231395 at *2 (W.D. Tex. Dec. 2, 2013)). Consequently, "whether a

claim for relief should be dismissed under Rule 12(b)(6) turns not on whether all of the relief asked for can be granted, but whether the plaintiff is entitled to *any* relief." *Mott's LLP v. Comercializadora Eloro, S.A.*, 507 F. Supp.3d 780, 791 (W.D. Tex. 2020)(citing *Lada v. Wilkie*, 250 F.2d 211, 212–15 (8th Cir. 1957); 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). Because statutory and exemplary damages and injunctive relief are remedies, not causes of action, this Federal Rule 12(b)(6) motion is an improper vehicle for dismissing these remedies or this specific cause of action. *Mott's LLP, S.A.*, 507 F. Supp.3d at 791; *see also Holt v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-120, 2013 WL 7211759 at *1 n.1 (S.D. Tex. Dec. 12, 2013).

For these reasons, the Project Insight Defendants's Motion to Dismiss the Capacchione Plaintiffs's causes of action or any requested remedies asserted under Counts One and Two will be denied.

   2. **Counts Three and Four: Copyright Infringement**

The Project Insight Defendants contend they are entitled to dismissal of the copyright infringement causes of action because the Capacchione Plaintiffs allege infringement of "the CJEA Training Manual"; however, the copyright numbers iterated correspond "to a work titled, 'Creative Journal Expressive Arts (CJEA) Certificate Training Program Curriculum.' There is no work titled 'Training Manual' for which [the Capacchione Plaintiffs have] registered any copyright." Because the Capacchione Plaintiffs's "have not shown registration of any 'Training Manual,'" the Project Insight Defendants argue their causes of action for copyright infringement must be dismissed. Further, the Project Insight Defendants argue the copyright registrations upon which the Capacchione Plaintiffs base these causes of action "show only 'Aleta Francis, by inheritance,' as the copyright claimant." Because Celia Pearce's name does not appear on the copy-

right registration, the Project Insight Defendants argue that even if they are guilty of copyright infringement related to the registrations at issue, Plaintiff Celia Pearce "has not shown any capacity to assert any claim for relief."

These arguments for dismissal of the asserted causes of action for copyright infringementmust fail, as they are not proper subject of a Federal Rule 12(b)(6) motion. In making these arguments, the Project Insight Defendants go beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of their position on the viability of the causes of action. Assessment of the Capacchione Plaintiffs's causes of action at this stage focuses not on whether they will ultimately prevail, but whether they are entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S. at 678; *Muhammad v. Dall. Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007). In addition, the Project Insight Defendants refer to evidence to support their substantive arguments, which is not before the Court nor reviewable in a Federal Rule 12(b)(6) motion. *See Brand Coupon Network*, 748 F.3d at 635.

Clearly, the Capacchione Plaintiffs provide sufficient facts to provide the Project Insight Defendants notice of the copyrights they allege were infringed by providing the specific numbers and provide sufficient factual bases for instances in which this infringement occurred. The fact that the Capacchione Plaintiffs use a shorthand name for the copyrighted material at issue does not invalidate the asserted causes of action or create confusion. The Project Insight Defendants may pursue more detail to substantiate any challenge to the substantive merits through discovery; however, at this preliminary stage of litigation, the Capacchione Plaintiffs state plausible facts to inform the Project Insight Defendants they own the subject copyrighted material, and the basis for alleged infringement.

The Project Insight Defendants argument that Plaintiff Celia Pearce "has not shown any capacity to assert any claim for relief" is also improper basis for dismissal of these causes of action through a Federal Rule 12(b)(6) motion. This Court's focus is whether the Capacchione Plaintiffs assert sufficient facts to support a plausible cause of action. *See Iqbal*, 556 U.S. at 678. They have. In addition, the Project Insight Defendants only present the argument that Celia Pearce cannot pursue this cause of action because she does not appear on the registrations, without citing any legal support for this argument. The Court finds this conclusory argument to be without merit.

For these reasons, the Project Insight Defendants's Motion to Dismiss the Capacchione Plaintiffs's causes of action for copyright infringement asserted under Counts Three and Four will be denied.

**3. Count 5: Injunctive Relief for Trademark Infringement of the Five Figured Image.**

The Project Insight Defendants contend the Capacchione Plaintiffs's cause of action for injunctive relief of use of the Five Figured Image should be dismissed because the Capacchione Plaintiffs did not possess a registered copyright of this image at the time suit was filed.

This argument is without merit. Again, the Project Insight Defendants present arguments challenging the viability of the cause of action rather than the plausibility of the pleading. The Project Insight Defendants admit "[i]n some instances a district court may grant an injunction regardless of the registration status of the copyright." The Project Insight Defendants contend the Capacchione Plaintiffs have not "set out any circumstances that would allow such relief here." This argument presents the Project Insight Defendants's challenge to the substantive merits of the cause of action, which is not proper in a Federal Rule 12(b)(6) motion.

The Project Insight Defendants go on to discuss caselaw which holds a district court should not dismiss an action seeking to enjoin infringement of an unregistered copyright when the copyright owner (1) alleges a history of infringement of registered copyrights by the defendant and (2) demonstrates a significant threat of future infringement the registered and unregistered copyrights. *ECF No. 20*, pp. 11-13 (discussing *Emmerich Newspapers, Inc. v. Particle Media, Inc*., No. 3:21-CV-32, 2022 WL 3222892, at *6 (S.D. Miss. Aug. 9, 2022); *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984); *Olan Mills, Inc. v. Linn Photo Co*., 23 F.3d 1345, 1349 (8th Cir. 1994)).

Review of the Amended Complaint reveals the Capacchione Plaintiffs allege facts to show Pearce created the Five Figure Image and allowed Capacchione to use the image. *ECF No. 16*, pars. 14, 40. The Capacchione Plaintiffs allege plausible facts showing the Project Insight Defendants violated registered copyrights TX0009215536 and TX0009209818 since 2023. *Id*. at pars. 39, 50. The Capacchione Plaintiffs allege the Project Insight Defendants indicated by continuing to sell copies of the Training Manual their intention to continue to infringe the registered copyrights in the future and to continue to use the Five Figure Image as a trademark. *Id*. at pars. 54, 57. Because the Capacchione Plaintiffs plead a plausible cause of action for a permanent injunction, dismissal at this stage of the proceedings is inappropriate.

For these reasons, the Project Insight Defendants's Motion to Dismiss the Capacchione Plaintiffs's cause of action asserted under Count Five will be denied.

### 4. Counts Six and Seven: Lanham Act Trademark Violation for use of VISIONING Mark

The Project Insight Defendants move to dismiss the causes of action asserted in Counts Six and Seven for trademark violation under the Lanham Act asserting the Capacchione Plain-

tiffs failed to plead sufficient facts to plausibly show confusion, an element of the cause of action.

To prevail on a trademark infringement cause of action, a trademark holder must show (1) possession of the legally protectable trademark and (2) the infringer's use causes a likelihood of confusion as to the source, affiliation, or sponsorship of the infringer's goods. *Streamline Production Systems, Inc. v. Streamline Manufacturing, Inc*., 851 F.3d 440 (5th Cir. 2017).

The Amended Complaint alleges Capacchione created the VISIONING trademark for her revolutionary methods. *ECF No. 16,* par. 12. Capacchione obtained the trademark on January 8, 2022, with the Trademark Office giving VISIONING® registration number 2528617. *Id*., par. 19. Lucia died on November 26, 2022, without a will in California, and Francis and Pearce executed a small estate affidavit declaring that each inherited half of all property Capacchione owned at the time of her death, which includes ownership of the subject trademark. *Id*., pars. 33, 38. The Capacchione Plaintiffs allege the Project Insight Defendants's use of VISIONING® by selling tickets on January 20, 2024, for a seminar on using "VISIONING® training" to "transform entrepreneurs and leadership development" and by selling tickets to an event in February 2024 event indicating that seminar dealt with "VISIONING® methods processing grief through art" falsely implied these seminars were affiliated with or sponsored by Capacchione, and thereby, caused confusion as to the source, affiliation, or sponsorship of goods and services. *Id*., pars. 41, 60-61. Through these allegations, the Capacchione Plaintiffs provide clear and sufficient facts to provide the Project Insight Defendants notice of the basis for the trademark violation causes of action and provide sufficient facts to support the "confusion" element.

For these reasons, the Project Insight Defendants's Motion to Dismiss the Capacchione Plaintiffs's causes of action for trademark violation under the Lanham Act asserted under Counts Six and Seven will be denied.

## Conclusion

For the reasons stated, the Project Insight Defendants's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6) is **DENIED**.

It is so ORDERED.
SIGNED this 24th day of February, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE